UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| **United States of America**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CR11-00126-PHX-JAT** |
| vs. ) | Phoenix, Arizona |
| ) | January 25, 2011 |
| **Hector Rolando Carlon,** ) | 4:05 p.m. |
| **Danny Cruz Morones,** ) | |
| **Jose Angel Polanco, and** ) | |
| **Kenneth James Thompson,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**BEFORE:   THE HONORABLE DAVID K. DUNCAN, MAGISTRATE JUDGE**

TRANSCRIPT OF PROCEEDINGS

INITIAL APPEARANCE/DETENTION HEARING

Transcriptionist:
Elizabeth A. Lemke
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC. 34
Phoenix, Arizona  85003-2150
(602) 322-7247

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

```
 1   APPEARANCES:

 2   For the Government:

 3             U.S. ATTORNEY'S OFFICE
              By:  Emory T. Hurley, Esq.
 4            40 North Central Avenue, Suite 1200
              Phoenix, Arizona  85004
 5
     For the Defendant Hector Rolando Carlon:
 6
              JOEY HAMBY, P.C.
 7            By:  Michael Ziton, Esq.
              45 West Jefferson, Suite 210
 8            Phoenix, Arizona  85003

 9   For the Defendant Danny Cruz Morones:

10            LAW OFFICE OF LOYD C. TATE
              By:  Loyd C. Tate, Esq.
11            1921 South Alma School Road, Suite 304
              Mesa, Arizona  85210
12
     For the Defendant Jose Angel Polanco:
13
              ANNE M. WILLIAMS, P.C.
14            By:  Anne M. Williams, Esq.
              1761 E. McNair Drive, Suite 101
15            Tempe, AZ  85283

16   For the Defendant Kenneth J. Thompson:

17            FEDERAL PUBLIC DEFENDER OFFICE
              By:  Douglas A. Passon, Esq.
18            850 West Adams Street, Suite 201
              Phoenix, AZ  85007
19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  Case No. CR 11-126.  *United States v.*
 3   *Hector Rolando Carlon, Danny Cruz Morones, Jose Angel Polanco,*
 4   *and Kenneth James Thompson* on for Initial Appearance and
 5   Arraignment.
 6           MR. HURLEY:  Good afternoon, Your Honor.  Emory
 7   Hurley appearing on behalf of the United States.
 8           THE COURT:  Thank you.
 9           MR. ZITON:  Michael Ziton for Joey Hamby representing
10   Mr. Carlon.
11           THE COURT:  Thank you.
12           MR. TATE:  Good afternoon, Your Honor.  Loyd Tate on
13   behalf of Mr. Danny Cruz Morones, who is present in custody.
14           THE COURT:  Thank you.
15           MS. WILLIAMS:  Good afternoon, Your Honor.  Anne
16   Williams standing by for appointment of counsel with regards
17   to Jose Angel Polanco.
18           THE COURT:  Thank you.
19           MR. PASSON:  Good afternoon, Your Honor.  Doug Passon
20   standing by for Mr. Thompson who is present in custody.
21           THE COURT:  Thank you very much.
22           Thank you.  For all of you, this is your initial
23   appearance.  You have the right to remain silent.  Anything
24   you say may be used against you.
25           You also have the right to a lawyer.  This means you
```

```
 1   can hire one, if you wish, but if you cannot afford one, one
 2   will be appointed for you at no expense.
 3           One of you has retained counsel and three of you have
 4   submitted financial affidavits for the purpose of enabling me
 5   to determine whether you qualify for court-appointed counsel.
 6           I have reviewed them and I find that you do qualify
 7   for court-appointed counsel.  And so I will appoint Mr. Passon
 8   to represent you, Mr. Thompson; and Ms. Williams to represent
 9   you, Mr. Polanco; and Mr. Tate to represent you, Mr. Morones.
10           And, Mr. Ziton, has your client, Mr. Carlon had an
11   opportunity to review the Indictment?
12           MR. ZITON:  He has, Your Honor.
13           THE COURT:  Is his name spelled correctly?
14           MR. ZITON:  It is, Your Honor.
15           THE COURT:  Would you waive a reading or do you wish
16   it read?
17           MR. ZITON:  We do waive reading, Your Honor.
18           THE COURT:  Does he want to enter a plea at this
19   time?
20           MR. ZITON:  He enters a plea of not guilty.
21           THE COURT:  And regarding the forfeiture allegation,
22   would he wish to deny the forfeiture allegation as well?
23           MR. ZITON:  Yes, Your Honor.
24           THE COURT:  So a plea of not guilty will be entered
25   on your behalf to the counts in the Indictment that pertain to
```

1   you, as well as a denial of the forfeiture allegation.
2           Mr. Tate, has your client had an opportunity to
3   review the Indictment?
4           MR. TATE:  Yes, Judge.  My client has had an
5   opportunity to review the Indictment.  His name is spelled
6   correctly.  We would ask the Court to enter not guilty pleas
7   on his behalf and a denial of the forfeiture allegation.
8           THE COURT:  Pleas of not guilty will be entered on
9   your behalf, Mr. Morones, to the counts in the Indictment that
10  apply to you, and a denial of the forfeiture allegation.
11          Ms. Williams, has your client had an opportunity to
12  review the Indictment?
13          MS. WILLIAMS:  We have, Your Honor.  My client has
14  reviewed the Indictment.  His name is spelled correctly.  We
15  waive a formal reading and we enter pleas of not guilty to the
16  charges against him and a denial as to the forfeiture
17  allegation.
18          THE COURT:  A plea of not guilty will be entered on
19  your behalf, Mr. Polanco, to the counts of the Indictment that
20  pertain to you, as well as a denial of the forfeiture
21  allegation.
22          Mr. Passon, your client?
23          MR. PASSON:  My client has reviewed the Indictment.
24  His name is spelled correctly.  We waive reading and enter a
25  plea of not guilty and a denial on the forfeiture allegation.

1    THE COURT:  A plea of not guilty will be entered on
2    your behalf, Mr. Thompson, to the counts in the Indictment
3    that pertain to you, and a denial of the forfeiture
4    allegation.
5         With respect to the issue of detention, does the
6    government want to address these defendants on a
7    person-by-person basis?
8         MR. HURLEY:  Yes, Your Honor.
9         THE COURT:  All right.
10        MR. HURLEY:  Your Honor, with regard to Mr. Thompson,
11   the government concurs with the recommendation of Pretrial
12   Services that there are a combination of conditions to
13   guarantee his appearance and we would ask --
14        THE COURT:  The standard condition of the passport
15   be -- and no application be added to the standard condition?
16        MR. HURLEY:  Yes, Your Honor.  And I think otherwise
17   it's covered with regard to co-defendants and possession of
18   firearms.
19        THE COURT:  All right.  Mr. Passon, do you have any
20   comment to the Pretrial Services' recommendation or the
21   government's addition or suggestions?
22        MR. PASSON:  No, Your Honor.
23        THE COURT:  Mr. Thompson, it will be the order of the
24   Court that you be released on your own recognizance subject to
25   the following special conditions:

1         That you report to Pretrial Services as directed;
2         That you not travel outside of Maricopa County except
3    with the prior permission of the court or Pretrial Services'
4    permission to do so;
5         That you avoid all direct or indirect contact with
6    the co-defendants unless prior court or Pretrial Services'
7    permission is granted;
8         That you not possess or attempt to acquire any
9    firearm, destructive device, or other dangerous weapon or
10   ammunition;
11        And that you comply with the requirement to obtain
12   and maintain employment.
13        Mr. Thompson, do you have a passport?
14        KENNETH JAMES THOMPSON:  No, sir.
15        THE COURT:  It is further ordered that you not obtain
16   a passport during the pendency of these proceedings.
17        I may have misspoken, Mr. Thompson, but let me just
18   make it clear.  With respect to the travel condition, you
19   can't leave the State of Arizona without prior court
20   permission or Pretrial Services' permission to do so.
21        And with respect to contacts with co-defendants, you
22   can't have any contact with any co-defendants, direct or
23   indirect, unless your counsel is present.
24        Do you understand that?
25        KENNETH JAMES THOMPSON:  Yes.

```
 1              THE COURT:  All right.  And so, Mr. Thompson, were
 2   you present and perhaps listening in court when I explained to
 3   the other defendants about the consequences of violating the
 4   conditions of pretrial release and having to read the top of
 5   the first -- the top of the second page, as well as the second
 6   page on this order before you signed it?  Did you hear all
 7   that?
 8              KENNETH JAMES THOMPSON:  Yes, sir.
 9              THE COURT:  And did you understand all that?
10              KENNETH JAMES THOMPSON:  Yes, sir.
11              THE COURT:  Okay.  Thank you, sir.  Thank you,
12   Mr. Passon.
13              Mr. Hurley, who's next, please?
14              MR. HURLEY:  Your Honor, with regard to Mr. Morones
15   and Mr. Carlon, we can probably address them at the same time.
16              The government is seeking detention on both of these.
17   And it's my understanding that -- and now it's really up to --
18   I'll throw it to defense counsel, because it comes down to
19   what works for their schedules.
20              THE COURT:  Okay.  So we are going to set a detention
21   hearing.  The reason that we're going to set a detention
22   hearing is that Congress has provided that in cases in which
23   the government wishes to present a case on why a person should
24   be detained pending trial, that they can have up to three days
25   to prepare for that; defense counsel can have up to five days
```

1  to prepare.
2          So we're going to have a detention hearing.  You are
3  going to be in temporary custody until the time of that
4  detention hearing.  But I will turn to your lawyers now to see
5  when you would like that hearing to be.
6          MR. TATE:  Judge, I have arranged with court staff,
7  if we can have the detention hearing on Mr. Morones Friday at
8  11:00 a.m.
9          THE COURT:  Very well.  So Friday, 11:00 a.m., that's
10 the 28th of January in this courtroom.
11         You will be back for the purpose of a detention
12 hearing.  And as I said, you will be in the temporary custody
13 of the U.S. Marshals until that time.
14         THE CLERK:  Judge, I'm sorry, when I arranged that, I
15 thought it was a status hearing.
16         THE COURT:  I see.  We're going to have to alter
17 that.
18         MR. TATE:  That's fine.  Let's set it for a status
19 conference.
20         THE COURT:  So you don't think there will be a
21 detention hearing at that time?
22         MR. TATE:  I do not believe so.
23         THE COURT:  Okay.  So we'll set it for a status
24 hearing.  Very well.
25         Mr. Ziton?

1           MR. ZITON:  Yes, Your Honor.  Is tomorrow at three
2    o'clock okay for Mr. Carlon?
3           THE COURT:  Three o'clock is not, but we can do it
4    after that perhaps.  Let's see.
5           THE CLERK:  When?
6           THE COURT:  Could we do a detention hearing tomorrow
7    afternoon sometime after 3:00 p.m.?  Is that better for your
8    schedule?
9           MR. ZITON:  If the Court prefers 11:00 a.m.?
10          THE COURT:  Well, we can't do 11:00 or 3:00 because
11   we do status hearings at 11:00 and we do initial appearances
12   at 3:00.
13          THE CLERK:  3:30.
14          THE COURT:  How about 3:30 tomorrow?
15          MR. ZITON:  3:30 is fine.
16          THE COURT:  So tomorrow at 3:30 we will set this for
17   a detention hearing.  You will be in the temporary custody of
18   the U.S. Marshals until then.
19          HECTOR ROLANDO CARLON:  All right.
20          THE COURT:  All right.  So finally, now we turn to
21   you, Mr. Polanco, and the government's position?
22          MR. HURLEY:  Your Honor, after consultation with the
23   agents, we do not view him as the flight risk and danger
24   that -- particularly, flight risk that's portrayed in the
25   Pretrial Services' report.

```
 1            We would ask that if the Court agrees to his release,
 2    he should have regular meetings with Pretrial Services and
 3    then all of the panoply of conditions that have been imposed
 4    upon any of the others, including no contact with
 5    co-defendants, no travel outside of the county, don't acquire
 6    or attempt to acquire firearms.  If he has a passport, he
 7    needs to give it up.
 8            So they should certainly be the most restrictive
 9    conditions that have been imposed today, but in consultation
10    with the agents that are familiar with the case and with the
11    defendants, we think that there are release conditions that
12    could guarantee his appearance.
13            THE COURT:  All right.  Ms. Williams, any response?
14            MS. WILLIAMS:  Your Honor, we have no objection to
15    those conditions, Your Honor.  We had previously requested a
16    status conference on the 31st for a detention hearing.  We
17    will vacate that request.
18            THE COURT:  All right.  Ms. Williams, do you happen
19    to have a copy of the Pretrial Services' report with you?
20            MS. WILLIAMS:  I do, Your Honor.
21            THE COURT:  Could I borrow it, please?
22            MS. WILLIAMS:  Yes.  One moment, please.
23            MR. HURLEY:  Your Honor, you can have mine.
24            THE COURT:  I just need one.  Thank you.
25            Let me make sure that it's fresh in my mind.
```

1           Ms. Williams --
2           MS. WILLIAMS:  Yes, Your Honor.
3           THE COURT:  -- is any of Mr. Polanco's family here?
4           MS. WILLIAMS:  He has an aunt and uncle here.  I also
5   had telephonic contact with his mother.  I have provided that
6   information to Pretrial Services, but his uncle is here if you
7   need to speak with him.
8           THE COURT:  Sir, one of the things that is helpful to
9   the Court in making its decision regarding release conditions
10  is whether or not the defendant has family members in the
11  community, and also whether those family members can verify
12  certain information about the defendant.
13          Pretrial Services hasn't had an opportunity to verify
14  that information.  I wonder if you would be willing to meet
15  this afternoon in a moment with the Pretrial Services officer
16  so that that officer could have an opportunity to verify the
17  information about Mr. Polanco.
18          Would that be acceptable to you?
19          MALE SPEAKER:  Yes.
20          THE COURT:  Is that acceptable to Pretrial Services?
21          PRETRIAL SERVICES OFFICER:  Yes.
22          MS. WILLIAMS:  And as I said, I have given Pretrial
23  Services a telephone contact number for my client's mother
24  whom he resides with and she does reside in Phoenix.
25          THE COURT:  Okay.  Would that work?

1    PRETRIAL SERVICES OFFICER:  Yes, Your Honor.  I
2    believe he met with Pretrial Services and I apologize for the
3    Court not receiving the copy of the --
4            THE COURT:  I don't think you need to apologize.  I
5    think it's probably a greater likelihood that I misplaced it.
6            PRETRIAL SERVICES OFFICER:  If they would like to go
7    downstairs to the second floor with Pretrial Services and
8    verify the information, that would be fine.
9            THE COURT:  All right.  If you wouldn't mind
10   explaining to them where that is and how to do that, that
11   would be great.
12           PRETRIAL SERVICES OFFICER:  Yes, Your Honor.
13           THE COURT:  All right.  Thank you very much.
14           Mr. Polanco, what I am going to do, even though I
15   haven't had this information verified, in light of the
16   circumstances of what the government has told me about their
17   belief that there are conditions that you can be released
18   under and that those conditions will reasonably assure the
19   safety of the community and your future appearance for court,
20   I am going to order that you be released on your own
21   recognizance today and that you follow the following
22   conditions:
23           That you report to Pretrial Services as directed;
24           That you not travel outside of Maricopa County unless
25   prior court permission has been granted to do so.

```
 1              Do you possess a passport?
 2              JOSE ANGEL POLANCO:  No, I don't, Your Honor.
 3              THE COURT:  It is further ordered that you not
 4   acquire or apply for a passport during the pendency of these
 5   proceedings;
 6              That you avoid all direct or indirect contact with
 7   co-defendants unless prior court or Pretrial Services'
 8   permission is granted and that contact can occur in the
 9   presence of your counsel;
10              That you not possess or attempt to acquire any
11   firearm, destructive device, or other dangerous weapon or
12   ammunition;
13              And that you comply with the court's requirement to
14   maintain and demonstrate proof of employment during the time
15   of your pretrial release status.
16              Mr. Hurley, I think I have addressed the conditions
17   that you asked that I specify, but just in case I missed any,
18   I'll ask you to let me know.
19              MR. HURLEY:  I think you did, Your Honor.
20              THE COURT:  So, sir, I will sign an order providing
21   for your release on these conditions, but you will sign it
22   too.  And your signature will be your acknowledgement of the
23   first page and it's a recognition of what you need to do to
24   comply with the conditions of pretrial release, but also that
25   you've read and understood the top of the second page which
```

1   tells you what would happen should you violate any of the
2   conditions on the first page.
3          In short, your pretrial release status can be
4   revoked, but also the top of the second page tells you about
5   what can happen if you should violate any law during the time
6   you are on pretrial release.  If you should commit a federal
7   felony, for example, you could expose yourself to an
8   additional ten-year penalty just for the fact that the offense
9   occurred at the time that you are on pretrial release.
10          Do you understand that?
11          JOSE ANGEL POLANCO:  Yes.
12          THE COURT:  Mr. Hurley?
13          MR. HURLEY:  Yes, Your Honor?
14          THE COURT:  Anything else you want to say?
15          MR. HURLEY:  Oh, I'm sorry, Your Honor.  No.  Nothing
16   further from the government.
17          THE COURT:  Ms. Williams?
18          MS. WILLIAMS:  Nothing further, Your Honor.
19          THE COURT:  All right.  Thank you.
20       (Proceedings adjourned at 4:20 p.m.)
21                              * * *
22
23
24
25

```
 1                        C E R T I F I C A T E
 2
 3          I, ELIZABETH A. LEMKE, court-approved transcriber,
 4   certify that the foregoing is a correct transcript from the
 5   official electronic sound recording of the proceedings in the
 6   above-entitled matter.
 7
 8          DATED at Phoenix, Arizona, this 4th day of March,
 9   2011.
10
11
12
13                              s/Elizabeth A. Lemke
                                ELIZABETH A. LEMKE
14
```